## Brink License

*Paul R. Selecky,* Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

*Mitchell Jenkins,* for appellants.

PINOLA, J., February 6, 1950.—This is an appeal by Joseph W. Brink and Rena E. Brink, his wife, from the refusal of the Pennsylvania Liquor Control Board to grant them a restaurant liquor license for premises located in Butler Township.

On April 18, 1949, they filed their application and a hearing thereon was held on August 8, 1949. On September 12, 1949, the board refused the application on two grounds: (a) Because the quota of three retail licenses for the township was exceeded, there being at the time 10 licenses in effect which are counted against the quota, and (b) because it was not satisfied that the premises "are located within a resort area".

Agent G. L. Dilfield, enforcement officer of the board, made an investigation in May 1949. He testified that the premises involved are located in what is known as Butler Valley, on the Wilkes-Barre and Hazleton highway, and described the building as a one-story frame structure with a large dining room, approximately 30 feet by 40 feet in size. It is at what has been known for years as "Martini's Grove", which the appellants purchased in 1947.

The grove comprises approximately 12 acres. There is in it a permanent fireplace, there are 12 picnic tables, and a baseball diamond. It has been used for many years for picnics, outings, and banquets, held by various organizations from Hazleton and vicinity.

According to him, the nearest hotel is 7/10 of a mile away; at Rumbel's Park about two or three miles, there is another licensed place, a swimming pool and there are about 50 cottages. He said that another licensee in the vicinity is the Valley Country Club, about 2½ to 3 miles south of the Brink premises, and that there are

two more in the vicinity of St. John's. He himself declared the premises to be "in an agricultural and a resort area," and according to his observation, some gatherings held there included from 100 to 200 people. On cross-examination, he repeated that of his own knowledge, the premises are in what has been considered a "general resort area" since 1927. He admitted that there was fishing, game hunting, and winter sports in the area, and that the resort character of the area has been gradually increasing.

Charles Beierschmitt, another officer, was not present, but by agreement of counsel the testimony given by him before the examiner is included as part of this record and to be considered by the court.

He testified that the postmaster at Drums declared to him that the premises are not in a resort area, but he himself has known of picnics being held in the grove for some period of time.

For the appellant, Clarence J. Lonzer, Mayor of Hazleton, testified that he has known the premises and the use to which they have been put for the past 30 years. Churches and other organizations from Hazleton and vicinity have held picnics and outings numbering from 500 to 600 persons, in the grove. He said that winter and fall sports, hunting and fishing, are all available in the area. In his opinion the issuance of the license could in no way be detrimental to community welfare.

Frank Wehner, 47 years old, lives about 500 feet from the Brink place. He has seen all kinds of outings there, numbering in persons from 25 into the hundreds. He saw them every day in the week at different times while Mrs. Martini was operating the same. He said there is deer and small game hunting in the area, and good fishing. He spoke highly of the reputation of appellants.

Harry L. Kepping, who lives ⅛ of a mile from the premises, and David E. Norlacher, who lives 179 feet away, both testified to the number of outings on the premises and the large number of people attending them, that the premises have always been operated as a resort place or place for rest and relaxation, and that the numbers in attendance ran as high as 1,000. Winter sports are available, they said, as well as good hunting.

Robert A. Alber, newspaperman connected with the Plain Speaker-Standard Sentinel of Hazleton for 14 years, and president of the Hazleton Junior Chamber of Commerce, testified that the general area of Butler Valley, where the premises are located, is considered and operated as a resort for the people of Hazleton and vicinity. The Junior Chamber of Commerce is making plans for the erection of a sign calling the attention of the public to the "beautiful Butler Valley" and it plans to advertise the area as a resort. The area, he said, was considered by the Junior Chamber of Commerce as a resort area long before the Brinks purchased the Martini premises and that the Chamber of Commerce has been trying to promote the resort idea to a higher degree.

Dorothy Wehner, wife of Frank Wehner and mother of two children, said she had no objection to the location of a restaurant near her home.

Julius Haussman, who has been living at Drums, a mile away, for the past eight years, testified that the general area has been a resort area for people throughout the year, affording rest and relaxation to visitors. On some days he has seen from 200 to 1,500 people at the park.

Donald K. Unger, a State policeman, who has been living in Hazleton for 11 years, testified to the general reputation of appellants as being the best. He, too, declared that the locality in which the premises are lo-

cated is a resort area and he has observed fishing and hunting in the territory and gatherings of from 100 to 1,000 people on the premises. He expressed the opinion that the issuance of the liquor license was desirable and necessary for the accommodation and enjoyment of the public who went to the grove.

Patrick J. Gillespie, of Hazleton, testified that he knew the premises for over 20 years as a place of resort for people looking for rest, relaxation and recreation. He thought the restaurant liquor license necessary and desirable for the accommodation and convenience of the public that frequents the place.

Rena E. Brink, one of the appellants, testified that they were married eight years, they have one child, a boy nearly seven, that they have utilized the place for outings since they acquired it, that the business has been increasing, and that they propose operating a restaurant and not just a saloon. She pointed out that at one outing representatives of an organization from 21 different cities were in attendance. The largest crowd served during the past summer numbered close to 1,000.

Joseph W. Brink, the other appellant, testified in detail to the outings and the number of persons attending; that he is a graduate of Philadelphia College of Pharmacy, and that his wife was a hearing stenographer for the compensation board before they were married. We must add that we were impressed by the appearance and testimony of both appellants and feel satisfied that they will keep their promise, to not operate just a saloon.

While not proper evidence, we received certain letters of recommendation, one from William J. Simmons, president of Hazleton Kiwanis Club; another from Robert W. Bersch, chairman of the Hazleton Winter Sports Committee of the Chamber of Commerce, and a third from Victor C. Diehm, president of the Hazleton

Chamber of Commerce. All of them recommended appellants and indicated that, in their opinion, the area was a resort area and that they propose to develop the same more fully along that line.

Not one word of testimony was offered by the board in support of its conclusion that "there is (no) necessity whatever for additional licensed establishments in the said township."

We have repeatedly said that to conclude from the bare fact of the number of licenses in effect that there are sufficient licenses and for that reason to hold that an applicant is not entitled to a license is an arbitrary and capricious exercise of the board's discretion. Notwithstanding this declaration the board fails to present any evidence on the subject to the court. We wonder whether this is just a case of careless preparation or another case of contempt for the court's expression.

In any event, we adhere, in these proceedings, to our declared position. From a careful consideration of the testimony adduced, we find the following facts:

1. The quota of retail liquor licenses for the sale of liquor and malt beverages for Butler Township is three and there are ten licenses in effect which are of the type counted against the quota.

2. The premises of the applicant are located within a resort area.

3. There is a present need for an additional licensed establishment in Butler Township because the licensed establishments now in existence are insufficient to serve the needs of the people residing in the community as well as those who come there from outside in quest of rest, relaxation and pleasure.

Therefore, we make the following

*Order*

Now, February 6, 1950, the appeal of Joseph W. Brink and Rena E. Brink is sustained and it is ordered and directed that a restaurant liquor license be granted to appellants.